**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CORNELIUS JOSEPH MCCASTLE,
ADC # 143801                                                                                              PLAINTIFF

v.                                    Case No. 2:10-CV-00062-JLH-JJV

CORRECTIONAL MEDICAL SERVICES,
East Arkansas Regional Unit, ADC; *et al.*                                               DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Cornelius McCastle, is incarcerated in the East Arkansas Regional Unit of the Arkansas Department of Correction. He has filed this action *pro se*, pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his serious medical needs. Defendants filed a Motion for Summary Judgment (Doc. No. 25), alleging Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies prior to filing suit. In support, Defendants submitted the ADC's Grievance Policy (Doc. No. 25-1, Ex. A) and a Declaration from Charlotte Gardner, custodian of "ADC's records relating to the appeal of any medical or mental health grievance[s] filed by inmates[.]" (Doc. No. 25-2, Ex. B). Plaintiff filed a Response (Doc. No. 32) to the Motion and submits evidence purporting to show he exhausted his administrative remedies.

After careful review the Court recommends that: (1) Defendants' Motion for Summary Judgment should be GRANTED; (2) Plaintiff's Complaint (Doc. No. 2) should be dismissed without prejudice for failure to exhaust administrative remedies; and (3) all remaining pending motions should be denied as MOOT.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to

the non-moving party, indicates that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Nooner v. Norris*, 594 F.3d 592, 600 (8th Cir. 2010); *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The non-moving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann*, 497 F.3d at 825.

## II.   ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA's exhaustion provision specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Jones*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Under the PLRA, failure to exhaust administrative remedies is an affirmative defense. *Jones*, 549 U.S. at 216.

Plaintiff was transferred to the custody of the Arkansas Department of Correction (ADC) on February 6, 2009. (Doc. No. 27, ¶¶ 3, 9). Plaintiff filed his Complaint on May 3, 2010. (*Id.* at ¶ 2). Between February 6, 2009, and May 3, 2010, Plaintiff submitted two grievances, EA-09-01301 and EA-09-01345, related to his medical care. (Doc. No. 25-2, Ex. B). ADC's Grievance Policy requires an inmate to appeal any adverse medical grievance decision to the Deputy Director of Health and

Correctional Programs (Doc. No. 27, ¶ 8; Doc. No. 25-1, Ex. A at 10-12, 17). Plaintiff failed to appeal either grievance to the Deputy Director of Health and Correctional Programs. (Doc. No. 25-1, Ex. B).

Plaintiff submits grievances EA-10-01122 and EA-10-01182 as evidence of his exhaustion. (Doc. No. 31, pp. 9-10). Both of these grievances were filed on June 18, 2010, after he filed the present Complaint. (Doc. No. 31, pp. 9-10). The fact that Plaintiff exhausted his administrative remedies for the June 18th grievances is of little consequence here. (Doc. No. 31, pp. 11-13). Plaintiff failed to exhaust his administrative remedies prior to filing his present § 1983 Complaint.

Upon viewing the evidence in a light most favorable to Plaintiff, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint and there are no genuine issues of material fact. Defendants' Motion for Summary Judgment (Doc. No. 25) should be granted and Plaintiff's Complaint (Doc. No. 2) should be dismissed without prejudice for failure to exhaust administrative remedies.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.   Defendants' Motion for Summary Judgment (Doc. No. 25) should be GRANTED;

2.   Plaintiff's Complaint (Doc. No. 2) should be dismissed without prejudice for failure to exhaust administrative remedies; and

3.   All remaining pending motions should be denied as MOOT.

DATED this 3rd day of January, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE